IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RUSSELL SMITH-EL, #219814                  *
      Plaintiff,
  v.                                                         *

MUNICIPAL CORPORATION                      *
DISTRICT COURT FOR SOMERSET                    CIVIL ACTION NO. WDQ-13-0062
  COUNTY                                    *
PAULA PRICE
CATHERINE JILL DRYDEN                      *
M. CARAL LLEWELLYN-JONES
CONSTANCE A. HURLEY                        *
      Defendants.
                                         ***

MEMORANDUM

On January 7, 2013, Russell Smith-EL[1] filed "suit"[2] against the District Court for Somerset County, Maryland; Associate Judge Paula Price; and court administrative staff[3] (collectively, the "Defendants"), for conspiring to deprive and depriving him of his constitutional rights to personal safety and property, in violation of 18 U.S.C. §§ 241 and 242 and the Federal Rules of Criminal Procedure. ECF No. 1. Smith-EL also seeks a writ of *habeas corpus ad testificandum* for his transportation to appear before a federal magistrate judge "in order to file [a] criminal complaint [against the Defendants] and affirm with tangible materials of facts & physical facts of injuries to my person." *Id.* at 2-3. For the reasons stated below, the motion for writ of *habeas corpus ad testificandum* will be denied, and the action will be dismissed without prejudice.

---

[1] Smith-EL is currently confined at the Eastern Correctional Institution.

[2] The Court will construe Smith-EL's initial filing, which is captioned "Judicial Notice," as a complaint. *See* ECF No. 1; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331, 1332. The burden of establishing subject matter jurisdiction rests on the party invoking the jurisdiction of the court. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A private citizen cannot establish federal question jurisdiction by bringing criminal charges against another. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Similarly, this Court cannot file criminal charges or direct that they be filed. *See Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141-42 (11th Cir. 1987) (per curiam). Because Smith-EL cannot file a criminal complaint in federal court, his motion for a writ of *habeas corpus ad testificandum* to facilitate the filing of such a complaint must be denied.

Nor has Smith-EL stated a claim under 42 U.S.C. § 1983. Section 1983 provides a remedy against any person who, acting under color of state law, deprives another of constitutional rights. 42 U.S.C. § 1983. It "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). Smith-EL has failed to allege facts in support of a § 1983 claim sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, his allegations will be dismissed for failure to state a claim upon which relief can be granted.[4]

---

[3] Smith-EL also sued Administrative Commissioner Catherine Jill Dryden, Administrative Clerk M. Carol Llewellyn-Jones, and County Clerk Constance A. Hurley. *See* http://msa.maryland.gov/msa/mdmanual/36loc/so/html/soj.html#district.

A separate Order follows.

Date: 4/16/13

William D. Quarles, Jr.
United States District Judge

---

[4] Smith-EL filed neither the civil filing fee nor a motion to proceed *in forma pauperis*. In light of the dismissal of this action, he shall not be required to cure this omission.